UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT GILLESPIE, on behalf of the ESTATE OF GREGORY GILLESPIE, and VINCENT GILLESPIE, individually, <br><br> Plaintiff, <br><br> v. <br><br> SANDRA STAUB, DAVID ANGIER, PEGGY ROGGENBUCK GILLESPIE, And JOHN DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 20-30121-MGM |

REPORT AND RECOMMENDATION CONCERNING DEFENDANTS'
MOTION TO DISMISS
(Dkt. No. 7)

ROBERTSON, U.S.M.J.

I. Introduction

On November 2, 2020, Vincent Gillespie ("Plaintiff"),[1] a self-represented party, filed his First Amended Complaint (hereinafter "Complaint") in this civil action, naming as defendants attorneys Sandra Staub and David Angier and his stepmother, Peggy Roggenbuck Gillespie, who was a client of attorneys Staub and Angier (collectively, "Defendants"), and ten unnamed John and Jane Doe employees of the ACLU (Dkt. No. 5). Plaintiff asserts claims of fraud upon the court based on Defendants' alleged misconduct in a case he filed in the Superior Court Department of the Massachusetts Trial Court ("Superior Court") in 2003 (Count I); a civil

---

[1] Plaintiff purports to bring this suit on his own behalf and on behalf of the Estate of Gregory Gillespie. "An individual appearing *pro se* [in an action in this court] may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf." Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. This rule bars Plaintiff from representing the Estate of Gregory Gillespie in the instant case.

1

conspiracy among Defendants based on their conduct in the 2003 case (Count II); denial of access to the courts based on alleged misconduct by Ms. Staub, Mr. Angier and the John and Jane Does in a case he filed in the Superior Court in 2014 (Count III); and civil conspiracy among Ms. Staub, Mr. Angier, and the John and Jane Does based on their supposed conduct in the 2014 case (Count IV) (Compl. ¶¶ 130-145).  Before the court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on collateral estoppel and the statute of limitations, which was referred to me for Report and Recommendation (Dkt. No. 7).  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1).

Plaintiff contends that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Compl. ¶ 1(a) and (b)).  I do not see a plausible federal claim asserted in the Complaint. Because Plaintiff alleges that he and Ms. Gillespie are Massachusetts residents (Compl. ¶¶ 3-4), the parties are obviously not completely diverse for purposes of 28 U.S.C. §1332(a)(1).  *See, e.g., Rodriguez v. P.R.*, 825 F. Supp. 2d 341, 344 (D.P.R. 2011) ("Diversity jurisdiction in the federal courts requires complete diversity between all of the plaintiffs and defendants.") (citing *Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992)).  The Complaint is also subject to dismissal pursuant to the *Rooker-Feldman* doctrine.  Accordingly, I recommend that the Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

If the court reaches the issue (which it need not and should not do if it adopts the recommendation for dismissal without prejudice), I further recommend that Counts I and II of the Complaint be dismissed with prejudice on grounds of collateral estoppel.  While I am skeptical that the Complaint states viable claims in Counts III and IV because these claims are based on pure speculation, *see, e.g., Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 594-95

(1st Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007)) (noting that a complaint based on pure speculation fails to state a claim), the First Circuit frowns on *sua sponte* dismissals for failure to state a claim on grounds not raised by a defendant. *See, e.g., Cepero-Rivera v. Fagundo*, 414 F.3d 124, 130 (1st Cir. 2005). The claims in Counts III and IV are not barred by claim preclusion, and I am not persuaded that it is apparent from the face of the Complaint that those claims are untimely and should be dismissed on statute of limitations grounds. If the court reaches the question, I recommend against dismissal of Counts III and IV on grounds of claim preclusion or untimeliness.

Finally, I recommend that, at this time, the Court decline Defendants' request for an order barring Plaintiff from filing further lawsuits arising out of his father's estate or related litigation. Denial of access to the federal court should be limited to extreme circumstances. *Cf. Gordon v. U.S. Dep't of Justice*, 558 F.2d 618, 618-19 (1st Cir. 1977) (affirming an order barring the plaintiff from filing further suits when he had filed a series of suits making "vituperative attacks" on numerous federal judges who had ruled against him). Thus far, in my judgment, Plaintiff's filings, while lacking merit, do not rise to this level.

II. Background

The following facts are drawn from the Complaint. In 2003, Plaintiff filed a complaint in Superior Court alleging claims of wrongful death and interference with the expectancy of receiving a gift against Ms. Gillespie (Compl. ¶ 9). Ms. Staub and Mr. Angier represented Ms. Gillespie (Compl. ¶ 10). On August 14, 2008, summary judgment entered against Plaintiff in the 2003 case (Compl. ¶ 12). According to Plaintiff, his loss in the 2003 case was largely the result of misconduct by Defendants, who conspired with each other to deprive him of access to

3

discovery he needed to prosecute his case and made misrepresentations to the court about Plaintiff's and their own acts (Compl. ¶¶ 30-104). Defendants' alleged misconduct is set forth in detail in the Complaint. Plaintiff's appeal of his loss in the 2003 case was unsuccessful, with the Massachusetts Supreme Judicial Court ("SJC") denying further appellate review on April 27, 2011 (Compl. ¶ 106).

On April 28, 2014, Plaintiff filed a second lawsuit, this time naming Ms. Staub, Mr. Angier, and Ms. Gillespie as defendants and alleging denial of access to the court, abuse of process, and civil conspiracy resulting from Defendants' conduct in the 2003 case (Compl. ¶ 13). On April 29, 2015, this second case was dismissed by the Superior Court as untimely filed (Compl. ¶ 14). The Massachusetts Appeals Court ("MAC") affirmed the dismissal and awarded attorney's fees and double costs to Ms. Staub pursuant to Mass. R. App. P. 25, which authorizes MAC justices to award attorney's fees and costs in appeals they deem frivolous (Compl. ¶¶ 111, 114(f)).

Ms. Staub was employed by the ACLU in Connecticut when Plaintiff filed the 2014 case (Compl. ¶ 116). Plaintiff's claims in Counts III and IV against Ms. Staub, Mr. Angier, and the John and Jane Does are based on the hypothesis, made solely on information and belief, that "Ms. Staub and one or more other ACLU employees met and discussed [Plaintiff's 2014 case] and came up with a plan. … [T]hey sent one or more people [from the ACLU] to confer with Mass. Appeals Court and/or SJC judges and made a deal or arrangement with them under which it was agreed that [Plaintiff's] appeal in the 2014 case would be denied and (also possibly that) he would be sanctioned by the Appeals Court regardless of the merits of his appeal" (Compl. ¶ 122). Proceeding on this purely speculative theory, Plaintiff asserts claims of denial of access to the courts and civil conspiracy in connection with the 2014 case (Compl. ¶¶ 137-45).

III.   Discussion

A.  Plaintiff's Claims do not Arise Under Federal Law

Although Defendants did not raise the question of this court's jurisdiction, the court has an unflagging obligation to address *sua sponte* its ability to exercise subject matter jurisdiction. *See, e.g., DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 78 (D. Mass. 2015); *see also Acosta-Ramirez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject matter jurisdiction before addressing the merits of a case."). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' A case 'aris[es] under' federal law within the meaning of § 1331 … if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (first alteration in original) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)). "A mere glancing reference to federal law will not suffice, rather '[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Langadinos v. Bd. of Trs. of Univ. of Mass.*, Civil Action No. 12-11159-GAO, 2013 WL 5507042, at *10 (D. Mass. Sept. 30, 2013) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). Plaintiff bears the burden of establishing subject matter jurisdiction. *Clean Water Action v. Searles Auto Recycling Corp.*, 268 F. Supp. 3d 276, 279 (D. Mass. 2017) ("[T]he party

invoking federal jurisdiction bears the burden of proving [the] existence [of subject matter jurisdiction].") (citing *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).

The Complaint does not identify any federal statute or federal constitutional right as a basis for Plaintiff's claims. This court is unaware of any federal statute or constitutional provision that would support a claim of fraud or denial of access to the courts based on alleged misconduct in discovery, misrepresentations to a court, or the exercise of undue influence in court hearings and proceedings when the conduct complained of takes place in state court and is not by an official. A federal court may dismiss a suit pending before it based on fraudulent litigation tactics by a party to the suit because a federal court must have the "inherent power to regulate and control abusive litigation tactics effecting the institutional integrity of the court." *Davidson v. Cao*, 211 F. Supp. 2d 264, 276 (D. Mass. 2002) (citing *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1117-18 (1st Cir. 1989)). Massachusetts courts also recognize that a party may have a right to relief for fraud on the court, which, under Massachusetts law, "'occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.'" *Mt. Ivy Press, L.P. v. Defonseca*, 937 N.E.2d 501, 509 (Mass. App. Ct. 2010) (quoting *Rockdale Mgmt. Co. v. Shawmut Bank, N.A.*, 638 N.E.2d 29, 31 (Mass. 1994)). A federal court generally does not have the power or authority to control the conduct of private parties to litigation pending in the state courts or to vacate a state court judgment allegedly obtained by fraud committed by private parties during state court proceedings. *Cf. Fagan v. Mass Mutual Life Investors' Servs., Inc.*, C.A. No. 15-cv-30049-MAP, 2015 WL 3630277, at *5-6 (D. Mass. June 10, 2015) (treating the plaintiff's claim of fraud on the court by

a private party, based on allegations of discovery abuse, as a state law tort claim). Similarly, Plaintiff's claims of civil conspiracy are claims that arise under state, not federal, law. *See generally Berger v. Morgan*, Civil Action No. 14-12164-GAO, 2014 WL 7375495 at *1-2 (D. Mass. Dec. 29. 2014) (holding that a civil conspiracy claim, even when it involves an alleged violation of federal law, does not give rise to federal question jurisdiction).

Plaintiff's denial of access to the courts claim is premised on his allegation that ACLU employees (and possibly Ms. Staub) communicated *ex parte* with justices of the MAC and/or the SJC to ensure that Plaintiff would lose his appeal in the 2014 case (Compl. ¶¶ 116-129). For a plaintiff to state a federal constitutional claim for denial of access to a state court, "'the challenged conduct must be attributable to person acting under the color of state law' and … 'the conduct must have worked a denial of rights secured by the Constitution or by federal law.'" *Felton v. Lincoln*, 429 F. Supp. 2d 226, 239 (D. Mass. 2006) (quoting *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir.), *cert. denied*, 522 U.S. 819 (1997)). *Cf. Stahan v. Frazier*, 62 F. App'x 359 (1st Cir. 2003) (unpublished) (holding that the First Amendment does not apply to prevent a property owner from restricting the exercise of free speech on private property). Ms. Staub and Mr. Angier are sued for acts committed in their capacity as private attorneys for Ms. Gillespie. Ms. Gillespie is an unaffiliated private person. The John and Jane Does are sued in their capacity as employees of the ACLU, which is a private non-profit organization. *See generally R.I. Affiliate, Am. Civil Liberties Union, Inc. v. R.I. Lottery Comm'n*, 553 F. Supp. 752, 758 (D.R.I. 1982) (discussing the ACLU's status as a private non-profit corporation). No Defendant in this case is, or could truthfully be alleged to be, a state official acting under color of state law. Accordingly, Plaintiff has not stated a federal claim for denial of access to the courts.

It is worth noting that Plaintiff's so-called denial of access claim is perhaps more properly characterized as a fraud on the court claim because, under Massachusetts law, "'[e]xamples of "fraud on the Court" include "bribery of judges [and] employment of counsel to 'influence' the court[.]"'" *Mt. Ivy Press, LP*, 937 N.E.2d at 510 (quoting *Will of Crabtree*, 865 N.E.2d 1119, 1136-37 (Mass. 2007). As is set forth above, when no federal actor is named as a defendant and the case at issue was litigated in a state court, fraud on the court and civil conspiracy are state law claims that do not give rise to federal question jurisdiction.

      B. Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine.

"Congress granted authority for a federal court to review a state court judgment solely to the Supreme Court." *DuLaurence*, 94 F. Supp. 3d at 79 (citing 28 U.S.C. § 1257(a)). The *Rooker-Feldman* doctrine is based on two cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, federal district courts lack authority to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Tyler v. Supreme Judicial Court of Mass.*, 292 F. Supp. 3d 555, 558-59 (D. Mass. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine reflects the principle that federal trial courts do not sit as appellate courts to review state court decisions. Instead, the only forum for challenging a final state court ruling that allegedly violates a party's federal rights is the United States Supreme Court. *See Davison v. Gov't of P.R. – P.R. Firefighters Corp.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."); *see also Marcello v. Maine*, 464 F. Supp. 2d 38, 44-45

x

(D. Me. 2006) (holding that the *Rooker-Feldman* doctrine precludes judicial review of state court decisions even when the state court judgment is challenged as unconstitutional) (quoting *Wang v. N.H. Bd. of Registration in Med.*, 55 F.3d 698, 703 (1st Cir. 1995)).

This is not a case of parallel state and federal litigation. The state court judgments being challenged by Plaintiff were entered long before July 27, 2020, when Plaintiff filed the instant action. Plaintiff alleges that the SJC denied further appellate review in the 2003 case on April 27, 2011. In a companion case, he alleged that the SJC denied further appellate review in the 2014 case on July 27, 2017. *Gillespie v. Staub*, No. 3:20-30050, slip op. at 8 (D. Mass. filed June 30, 2021). The Complaint is wholly focused on Plaintiff's allegations about Defendants' alleged misconduct and the reasons why that misconduct caused his losses in the 2003 and 2014 state court cases, for which he seeks to recover $30,000,000.00 in compensatory damages and additional punitive damages (Compl. ¶¶ 146-48). In the instant action, Plaintiff "seeks redress of … injur[ies] *caused* by … allegedly erroneous state court decision[s.]" *Davison*, 471 F.3d at 222 (citing *Exxon Mobil Corp.*, 544 U.S. at 284). It is irrelevant that Plaintiff claims that he never had his day in court and was never permitted to present evidence or argue the merits of his cases. *See id.* at 223. "*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal trial court] must review and reject a final state court judgment." *Id.* And when, as in this case, the *Rooker-Feldman* doctrine applies, the bar is jurisdictional. *See Exxon-Mobil Corp.*, 544 U.S. at 291-92.

Because Plaintiff has not asserted any federal claims and because, had he done so, review by this court would nonetheless be barred by the *Rooker-Feldman* doctrine, I recommend that the court dismiss this case without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

C.  Claim Preclusion Bars Plaintiff's Claims In Counts I and II

Even if this court had jurisdiction to entertain Plaintiff's claims, which it does not, Plaintiff's claims in Counts I and II would, as Defendants contend, be barred by claim preclusion based on the final judgment entered in the 2014 case (Dkt. No. 7 at 5-6). As a general matter, the doctrine of claim preclusion prohibits a party from "bringing a second action on a claim previously litigated and resolved on the merits." *Kaufman v. Joseph*, Civil Action No. 16-11961-NMG, 2017 WL 2407258, at *3 (D. Mass. June 1, 2017) (citing *Nunez Colon v. Toledo-Davila*, 648 F.3d 15, 19 (1st Cir. 2011)). When, as in this case, the prior action was filed in state court, "a federal court applies the [claim preclusion] law of the state in which the case was decided." *Id.*

"In Massachusetts, res judicata encompasses both claim preclusion and issue preclusion." *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008) (citing *In re Sonus Networks, Inc.*, 499 F.3d 47, 56 (1st Cir. 2007)). "'Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.'" *Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005) (quoting *O'Neill v. City Manager of Cambridge*, 700 N.E.2d 530, 532 (Mass. 1998)). "Claim preclusion prevents the relitigation of all claims that a 'litigant had the opportunity and incentive to fully litigate … in an earlier action.'" *Giragosian*, 547 F.3d at 63 (quoting *In re Sonus Networks, Inc.*, 499 F.3d at 56).

"Massachusetts evaluates three elements under the doctrine of claim preclusion: '(1) the identity or privity of the parties to the present and prior actions; (2) identity of the causes[s] of action; and (3) a prior final judgment on the merits.'" *Id.* (quoting *McDonough v. City of Quincy*, 452 F.3d 8, 16 (1st Cir. 2006)). Causes of action are deemed identical by the

Massachusetts courts "'"if they derive [] from the same transaction or series of connected transactions."'" *Id.* (quoting *McDonough*, 452 F.3d at 16 (quoting *TLT Constr. Corp. v. Anthony Tappe & Assocs.*, 716 N.E.2d 1044, 1052 (Mass. App. Ct. 1999)). "[U]nder Massachusetts law an involuntary dismissal 'other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits' for purposes of [claim preclusion]." *In re Sonus Networks, Inc. Shareholder Derivative Litig.*, 422 F. Supp. 2d 281, 289 (D. Mass. 2006) (quoting *Mestek, Inc. v. United Pacific Ins. Co.*, 667 N.E.2d 292, 294 (Mass. App. Ct. 1996)). A dismissal on statute of limitations grounds qualifies as a final judgment on the merits for purposes of claim preclusion. *LaRace v. Wells Fargo Bank, N.A.*, 166 N.E.3d 1025, 1034 (Mass. App. Ct. 2021) (citing *TLT Constr. Corp.,* 716 N.E.2d at 1053 n.8).

As to the first element of the test set forth in *Giragosian*, which is the identity of the parties to the prior and the pending cases, identity is determined by looking at "'the party against whom estoppel is asserted …'" *TLT Constr. Corp.*, 716 N.E.2d at 1049 (quoting *Comm'r of the Dep't of Empl't & Training v. Dugan*, 697 N.E.2d 533, 536 (Mass. 1998)). Plaintiff is the party against whom estoppel is asserted. There is no dispute that he was also the plaintiff in the 2014 case he filed in Superior Court. That he has named different or additional defendants in this action is not relevant because they are not parties against whom estoppel is asserted. The first element is satisfied.

The second element is also satisfied. Causes of action, or claims, are deemed identical if they arise from the same transaction or the same series of transactions. *See Giragosian*, 547 F.3d at 63. Plaintiff's claims in the 2014 case were premised on Defendants' alleged misconduct in the 2003 case. As is set forth in great detail in the Complaint, Plaintiff's claims in Counts I and II in the present case rest on the same premise (Compl. ¶¶ 130-136). Plaintiff's arguments about

the fine distinctions between the claims he purports to bring in this case and the claims he previously asserted in the 2014 case and the limited basis on which the 2014 case was decided are beside the point. "'With respect to the second element, claim preclusion will apply even though a party is prepared in a second action to present different evidence or legal theories to support his claim or seeks different remedies.'" *Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee*, 911 N.E.2d 800, 806 (Mass. App. Ct. 2009) (quoting *Charlette v. Charlette Bros. Foundry, Inc.*, 793 N.E.2d 1268, 1277 (Mass. App. Ct. 2003)). Plaintiff cannot save the claims in Counts I and II by applying different labels to those claims from the labels he used in the 2014 case. The second element is satisfied as to Counts I and II.

Finally, Massachusetts courts hold that a dismissal based on statute of limitations grounds, such as the judgment entered in the 2014 case, is a final judgment on the merits. *See LaRace*, 166 N.E.3d at 1034; *see also Rose v. Town of Harwich*, 778 F.2d 77, 80 (1st Cir. 1985) (Breyer, J.) (noting the clear trend toward giving claim-preclusive effect to dismissals based on a statute of limitations and predicting that Massachusetts courts would do so). Having lost the state court case he filed in 2014, Plaintiff is not entitled to relitigate his misconduct allegations in a new case in a different forum. Plaintiff's claims in Counts I and II are barred by claim preclusion and subject to dismissal with prejudice on this basis.

Plaintiff's claims in Counts III and IV are based on an alleged conspiracy among the hypothetical John and Jane Doe ACLU employees and Ms. Staub and Mr. Angier aimed at depriving Plaintiff of an appellate victory in the 2014 case (Compl. ¶¶ 112-129; 137-145). Defendants do not contend that Plaintiff filed an action prior to the present case in which he alleged improper influence on justices of the MAC and the SJC by the ACLU in connection with the 2014 case. Accordingly, claim preclusion is not a basis for dismissal of Counts III and IV.

### D. It Cannot be Determined from the Face of the Complaint that Plaintiff's Claim in Counts III and IV are Untimely

Plaintiff filed this action on July 27, 2020 (Dkt. No. 1). Defendants contend that, to the extent Plaintiff alleges misconduct during the appeal of the 2014 Superior Court action, more than three years passed after the MAC decided Plaintiff's appeal on March 23, 2017 and the date on which he filed his initial complaint in the present case. They further contend that the wrongful acts alleged by Plaintiff occurred more than three years prior to the July 27, 2020 filing date. Plaintiff contends that an access-to-court claim does not accrue until an aggrieved party exhausts his appeals in the underlying action, which did not occur until the SJC denied further appellate review on July 27, 2017, exactly three years before Plaintiff filed the present action. He further contends that the stature of limitations for his conspiracy claim in Count IV is the same as the statute of limitations for the denial of access to the courts claim (Dkt. No. 12-1 at 5-14).

"Defendants may raise an affirmative defense that the [denial of access-to-courts and fraud claims are] time-barred at the motion to dismiss stage." *Kaufman*, 2017 WL 2407258, at *5; *see also Feloni v. Coco*, CIVIL ACTION NO. 16-12178-GAO, 2019 WL 2387761, at *12 (D. Mass. Mar. 4, 2019) (noting that an affirmative defense such as the statute of limitations may be raised by a motion to dismiss provided that the facts establishing the defense are clear on the face of the complaint). A state's statutes of limitations are substantive law that apply to state law claims pending in federal court. *Feloni*, 2019 WL 2387761, at *12. Massachusetts law therefore supplies the statutes of limitations and the accrual principles applicable to Plaintiff's claims in Counts III and IV, which, to the extent any claims are stated, arise under state law. *See id.*

Some federal courts of appeals have accepted that, under federal law, a plaintiff may assert a due process claim for denial of the right of access to the courts when state actors conceal

information that a plaintiff needs to assert an underlying claim for violation of a federally protected right. *See generally Chao v. Halko*, Civil No. 3:19-cv-10194-MGM, 2021 WL 2143552, at *1-4 (D. Mass. May 26, 2021) (collecting cases). Indeed, the First Circuit has stated, albeit in dicta, that "[a]n official cover-up may violate section 1983 if it deprives the plaintiff of his right of access to the courts." *Williams v. City of Boston*, 784 F.2d 430, 435 (1st Cir. 1986) (citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1264 (7th Cir. 1984)). The United States Supreme Court has described these as backward-looking denial of access-to-courts claims that "cannot now be tried (or tried with all material evidence)" because an official cover up has "caused the loss or inadequate settlement of a meritorious case," "or the loss of an opportunity to seek some particular order of relief." *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002).[2] The Supreme Court has further held that such a claim is not ripe, or, in other words, does not accrue, until a plaintiff has decisively lost or compromised the underlying case because of official acts frustrating the litigation. *See Chao*, 2021 WL 2143552, at *4-5. Such a loss cannot be shown until all appeals are exhausted. Plaintiff's 2014 case was not irrevocably lost until the SJC denied his application for further appellate review. It not clear that Massachusetts law would recognize a denial of access-to-courts claim asserted against purely private parties. Plaintiff has not cited, and this court has not found, any such case. Nor is it clear that Plaintiff's factual allegations can be read to make out a denial of access-to-courts claim. Those, however, are not issues raised by Defendants in their Rule 12(b)(6) motion. To the extent Plaintiff may be deemed to have asserted a cognizable denial of access claim, it does not appear from the face of

---

[2] "To state a backward-looking denial of access-to-court claim, a plaintiff must identify: (1) a nonfrivolous underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded to recompense but that is not otherwise available." *Chao*, 2021 WL 2143552, at *4 (citing *Christopher*, 536 U.S. at 415).

the Complaint that such a claim would be deemed untimely filed. Accordingly, if the court reaches the question, I recommend denial of so much of Defendants' motion as seeks dismissal of Count III on statute of limitations grounds.

As to Count IV, under Massachusetts law, a civil conspiracy claim is "subject to the three-year limitation period for actions based on personal injuries." *Pagliuca v. City of Boston*, 626 N.E.2d 625, 628 (Mass. App. Ct. 1994) (citing Mass. Gen. Laws ch. 260, § 2A). "In general, a tort cause of action accrues either when the plaintiff is injured as a result of the defendant's unlawful act or omission … or, if the wrong is inherently unknowable, when the plaintiff knows or should know that she has been injured." *Id.* (citations omitted). Plaintiff's claim of civil conspiracy in Count IV is based on his purely speculative allegations that Ms. Staub, Mr. Angier, and unidentified ACLU employees conspired by communicating with unidentified justices of the MAC and the SJC to rig the loss of his appeal in the 2014 case. Defendants argue that, on Plaintiff's theory of the case, he was injured and knew that he had been injured by no later than March 23, 2017, when the MAC affirmed the trial court's dismissal of Plaintiff's 2014 case and indicated an intent to award fees and costs against him (Dkt. No. 8 at 7). They point to the trial court ruling in the 2014 case, in which the Superior Court held that the Plaintiff knew or should have been aware of his injuries long before the SJC denied his application for further appellate review. This decision was, of course, subsequently affirmed by the MAC and the SJC denied further appellate review.

The decision in the 2014 case in instructive. In ruling that Plaintiff's claims were barred by the statute of limitations, the trial judge noted that Plaintiff's complaint and an attached misconduct report set out the alleged litigation misconduct of which Plaintiff complained, all of which occurred either before or during a pre-trial conference held on February 11, 2008. The

judge concluded that Plaintiff was aware or should have been aware of his claimed injury by the time of or shortly after the pre-trial conference, which was held over six years before he filed his complaint (Dkt. No. 8-1 at 4). In contrast, in the present case, the Complaint is silent as to the timing of supposed improper communications with justices of the MAC or the SJC that are the basis of the conspiracy claim in Count IV (Compl. ¶¶ 122, 126). Plaintiff speculates that Ms. Staub or Mr. Angier might have sent one or more people to confer with MAP and/or SJC justices to ensure that Plaintiff's appeal in the 2014 case was denied (Compl. ¶ 122). Those imagined communications may, so far as appears from the face of the Complaint, have continued through the date of the SJC's decision to deny further appellate review in the 2014 case. Because the relevant dates are not clearly set forth in the Complaint, if the court reaches the question of whether to dismiss Count IV on statute of limitations grounds, I recommend that so much of the motion as seeks dismissal of Count IV on statute of limitations grounds be denied. *See Feloni*, 2019 WL 2387761, at *12.

IV. <u>Conclusion</u>

For the reasons set forth above, I recommend that the case be dismissed without prejudice for lack of subject matter jurisdiction. If the court does not adopt this recommendation, I recommend that the Court dismiss Counts I and II with prejudice based on claim preclusion and deny so much of Defendants' motion as seeks dismissal of Counts III and IV. I further recommend that the Court decline, at this time, the invitation to issue an order barring Plaintiff from filing any further lawsuits in federal court arising out of his father's estate or subsequent litigation without first obtaining leave of court to do so.[3]

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and

                                         /s/ Katherine A. Robertson
                                         KATHERINE A. ROBERTSON
                                         United States Magistrate Judge

DATED: July 22, 2021

---

Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.